UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



UNITED STATES OF AMERICA

v.  CASE NO. 6:11-cr-386-Orl-22KRS

JAPETH PARAMANDANMAN

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, JAPETH PARAMANDANMAN, and the attorney for the defendant, Rick L. Jancha, Esq., mutually agree as follows:

A.  **Particularized Terms**

   1.  Counts Pleading To

   The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with Conspiracy, in violation of 18 U.S.C. § 371.

   2.  Maximum Penalties

   Count One carries a maximum sentence of five years' imprisonment, a fine of $250,000.00, a term of supervised release of no more than three years, and a special assessment of $100.00 per felony count, said special assessment to be due on the date of sentencing. The fine for Count One may be subject to the alternative sentencing provision of Title 18, United States Code, Section 3571(d), which would be not more than twice the amount of the gross gain or loss. With respect to certain

Defendant's Initials ____   AF Approval ____

offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One (Conspiracy) are:

First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

Fourth: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea.

Defendant's Initials _____   2

6.  <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663 and 3663A, defendant agrees to make full restitution to all of the investors in TIRN, such restitution being joint and several.

7.  <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.  <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b), the United States agrees to file a motion pursuant to

Defendant's Initials _____     3

USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. <u>Cooperation - Substantial Assistance Not to be Considered</u>

The defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify fully and truthfully before any and all federal grand juries and at any trials or other proceedings in connection with any of the cases, charges, or matters noted herein, and any related cases. The defendant further agrees to be reasonably available for all interviews which the United States may require. The defendant further agrees to make full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in the defendant's possession or control. The defendant understands and agrees that the United States will not file a motion at the time of sentencing recommending a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or subsequent to sentencing, pursuant to Fed. R. Crim. P. 35(b), for the defendant's cooperation, regardless of whether or not defendant's cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida.

Defendant's Initials _____           4

10. <u>Use of Information - Section 1B1.8</u>

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

11. <u>Cooperation - Responsibilities of Parties</u>

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

Defendant's Initials _____   5

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers,

Defendant's Initials _____                    6

documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in the amount of at least $15 million,[1] representing the amount of proceeds obtained as a result of Count One, for which he is jointly and severally liable with his co-conspirators, and $15,700.00 USD[2] seized on or about October 7, 2009 from 704 Ironwood Court, Longwood, FL, which funds represents proceeds the defendant obtained from the wire fraud scheme.

---

[1] The exact figure shall be determined at sentencing.

[2] This sum represents the amount of funds seized after they were converted to USD from Euros.

Defendant's Initials    7

The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the amount of the proceeds of the offense to which defendant is pleading guilty is at least $15 million and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4)(A), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the

Defendant's Initials _____    8

defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant's cooperation in this regard is not protected by Federal Rule of Criminal Procedure 11 or U.S.S.G. § 1B1.8.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The defendant agrees not to contest the criminal, civil judicial, or administrative forfeiture of any of the defendant assets listed in the matter styled *United States v. David Merrick*, Case No. Case No. 6:10-cr-109-Orl-35DAB, and agrees to allow the United States to rely upon this agreement as his consent to the forfeiture of those defendant assets in any criminal, civil judicial, or administrative forfeiture proceeding.

Defendant's Initials _____                    9

B.  **Standard Terms and Conditions**

   1.  Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

   2.  Supervised Release

   The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

   3.  Sentencing Information

   The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information,

Defendant's Initials _____    10

including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the

Defendant's Initials _____    11

attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Defendant's Waiver of Right to Appeal and
Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _____   12

6.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and

Defendant's Initials _____   13

the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

**FACTS**

Defendant **JAPETH PARAMANDANMAN**, David Merrick (Merrick), and their co-conspirators operated a Ponzi/Pyramid scheme by holding business meetings in the State of Florida and worldwide via the Internet through Traders International Return Network (TIRN). TIRN was incorporated by defendant **PARAMANDANMAN** and his co-conspirators in Panama City, Panama on June 16, 2008. Merrick was its president.

Defendant's Initials _____        14

Defendant **PARAMANDANMAN** was a promoter of the scheme. TIRN used various corporations registered in the State of Florida, including MS, Inc., GTT Services, and Eagle Trust Holdings, as well as trusts Merrick established, including Maryland Trust and King Trust, to facilitate the laundering of the wire fraud proceeds by moving investor funds within these various corporations to disguise the source and ownership of the funds. TIRN's transfer of funds to various banks held by seemingly unrelated shell corporations and trusts did not have any legitimate business purpose.

Starting in May 2008, defendant **PARAMANDANMAN**, David Merrick, and their co-conspirators deceived investors by making claims, both via the Internet and at business opportunity meetings, that investments in TIRN, as advertised on www.MyTirn.com, would yield exceptionally high returns not achievable anywhere in the legitimate business world. Specifically, TIRN advertised on its website and at business opportunity meetings that investors could receive between 9% and 22% in returns on their investment per month, with an additional 1% return if investor funds are "locked in" and investors agree to reinvest their earnings for a minimum of six months. In typical Pyramid fashion, the more money investors invested with TIRN, the higher the investment returns were offered. If investors chose to withdraw their funds before the six-month waiting period, no yields were given and a penalty was assessed. Typical of the Pyramid-type behavior, TIRN also offered a referral program for investors who bring in others. "Leaders" or sponsors could receive a 5% commission on their referrals' investments and an additional 1% commission on each investor their referral brings into TIRN.

Defendant's Initials _____

15

While TIRN advertised on its website that investments were made in the FOREX market, the buying and selling of commodities, the purchase of gold mines in Africa, and the buying and selling of real estate, such investments were not actually made on behalf of TIRN's investors. Indeed, TIRN investors were not actually told where their money was being invested. TIRN's website merely indicated that it "pools investor funds" for the investments described above and that "professional money managers" manage such investments.

Serving as a pool operator for the purpose of purchasing commodities without a license or registration is in violation of federal law. Registration with the CFTC requires companies to produce disclosure documents, yearly prospectuses, and incorporation documents. Neither defendant **PARAMANDANMAN**, Merrick, nor their co-conspirators held any type of investment license with the National Futures Association or the Commodities and Futures Trading Commission.

After May 2008, defendant **PARAMANDANMAN** and his co-conspirators, through TIRN, collected over $15 million from more than 500 investors (both domestic and international). Most of these monies were wire transferred to bank accounts controlled by co-conspirators or defendant **PARAMANDANMAN** (in the case of money to Radius Media). At an August 2009 business opportunity meeting, promoters of TIRN claimed that TIRN had as many as 26,000 members (in November 2008, TIRN posted on their website that they had 3,500+ members). Defendant **PARAMANDANMAN** traveled internationally to solicit investors and spoke with them over the telephone.

Defendant's Initials _____    16

TIRN committed fraud by misrepresenting to investors that it actually invested their money as described above. Defendant **PARAMANDANMAN** knew that those representations were false. Defendant **PARAMANDANMAN** also knew that he, Merrick, and their co-conspirators misappropriated investors' funds for their own personal benefit. Defendant **PARAMANDANMAN**, Merrick, and their co-conspirators used fraudulently obtained investors' funds for personal expenditures, and sending money to accounts they controlled both in the United States and overseas. Neither defendant **PARAMANDANMAN**, Merrick, nor their co-conspirators had any substantial income other than TIRN related money. The total loss for sentencing guidelines purposes is at least $15 million.

10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. <u>Certification</u>

Defendant's Initials _____    17

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 12th day of November, 2011.

_____
JAPETH PARAMANDANMAN
Defendant

By: _____
Roger B. Handberg, III
Assistant United States Attorney

ROBERT E. O'NEILL
United States Attorney

_____
Rick L. Jancha, Esquire
Attorney for Defendant

_____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____   18